UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZEBELUM ANNU El, | CASE NO. 2:23-cv-2007 |
| Plaintiff, | ORDER |
| v. | |
| SEA MAR KENT MEDICAL CLINIC; and SANDY HERNANDEZ, | |
| Defendants. | |

## 1. INTRODUCTION

Plaintiff Zebelum Annu El proceeds pro se and *in forma pauperis* in this civil rights lawsuit against Defendants Sea Mar Kent Medical Clinic and Sandy Hernandez. Dkt. Nos. 5, 6. Defendants moved to dismiss his lawsuit, arguing that El failed to state a claim upon which relief can be granted. Dkt. No. 12. In response, El requested leave to amend his complaint. Dkt. No. 15. Most recently, Defendants moved to stay their discovery and disclosure obligations while their motion to dismiss is pending.

ORDER - 1

## 2. ANALYSIS

**2.1  Defendants' motion to dismiss and El's motion to amend.**

A party has the right to amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15(a). The effect of the Rule is to permit the pleader to consider the wisdom of amending to meet whatever arguments are raised in a Rule 12 motion. *See* Comments to 2009 Amendments to Fed. R. Civ. P. 15.

El moved to amend his complaint five days after Defendants moved to dismiss his complaint under Rule 12(b)(6). Thus, El may amend his complaint as a matter of right. It follows that Defendants' motions to dismiss and to stay the action during the pendency of their motion to dismiss must be DENIED. Dkt. Nos. 12, 16.

The Court ORDERS that on or before May 24, 2024, El must file a complete amended complaint containing ALL causes of action, facts, and argument that he intends to pursue in this action, including any facts or claims previously asserted in his original complaint that he wishes to maintain. The proposed amended complaint will act as a complete substitute for the original complaint, not as a supplement. Defendants may renew their attacks, if any, on El's amended complaint at a later time.

**2.2    Defendants' motion to stay discovery and initials disclosures.**

Defendants also request an order staying discovery and the initial disclosure deadlines as "the most efficient course" during the pendency of their motion to dismiss. Dkt. No. 16. Although it is not entirely clear from their motion, Defendants seem to propose that the Court issue a "protective order" as the mechanism to stay the case. El does not oppose Defendants' request. Dkt. No. 20 at 1.

To the extent Defendants seek a Rule 26(c) protective order, their request is not properly before the Court because it lacks the necessary meet-and-confer certification. LCR 26(c)(1). Regardless of how the request is presented, however, whether to grant a stay is a matter of the Court's discretion. *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

The Court declines to exercise its discretion to stay discovery for the simple reason that Defendants' discovery and disclosure obligations have not yet been triggered. Indeed, the Court has not issued an initial scheduling order setting the time to exchange initial disclosures or to hold a Rule 26(f) conference, which must be held before the parties can engage in discovery. *See* Fed. R. Civ. P. 26(a)(1) and 26(d)(1). Thus, Defendants' request is DENIED as premature.

The Court will issue an initial schedule order setting the early case deadlines only after El amends his complaint and the Court has ruled on any renewed motion to dismiss.

## 3.  CONCLUSION

For the reasons stated above, the Court ORDERS the following:

ORDER - 3

- El's motion to amend his complaint, Dkt. No. 15, is GRANTED. El must file an amended complaint by May 24, 2024.

- Defendants' motion to dismiss, Dkt. No. 12, is DENIED as moot without prejudice.

- Defendants' motion to stay the case, Dkt. No. 16, is DENIED.

It is so ORDERED.

Dated this 26th day of April, 2024.

                                        Jamal N. Whitehead
                                        United States District Judge

ORDER - 4