UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ZEBELUM ANNU EL, | CASE NO. 23-cv-2007 |
| Plaintiff, | ORDER |
| v. | |
| SEA MAR KENT MEDICAL CLINIC ET AL, | |
| Defendants. | |

     This matter comes before the Court on Plaintiff Zebelum Annu El's Motion for Excusable Neglect. Dkt. No. 26.

     On June 10, 2024, Defendants Sea Mar Community Health Centers and Sandy Hernandez filed a motion to dismiss Annu El's amended complaint. Dkt. No. 24. Opposition briefs in response to motions to dismiss must be filed no later than 21 days after the filing date of the motion. LCR 7(d)(4). As such, Annu El's response brief was due on July 1, 2024.

     However, Annu El did not submit his response brief until July 5, 2024. Dkt. No. 27. On the same day, he also submitted the instant motion for excusable neglect, asking the Court to "[p]ardon [his] belated response to the motion to

**ORDER** - 1

dismiss." Dkt. No. 26 at 1. Annu El explained that he is a "disabled, pro se litigant, with a finite amount of social expenditures at [his] disposal" and that he "suffer[s] from a host of ailments i.e., psychological, physical, neurological impediments that impact [his] way of life constantly." *Id.* at 1-2.

"When an act may or must be done within a specified time, the court may, for good cause, extend the time… on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). The Supreme Court has set forth a four-part test for determining whether there has been excusable neglect: (1) danger of prejudice to the opposing party, (2) length of delay and potential impact on judicial proceedings, (3) reason for delay, including whether it was within the reasonable control of the party, and (4) whether the party's conduct was in good faith. *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993). The Ninth Circuit has rejected a per se rule on excusable neglect, instead clarifying that district courts have discretion to determine what constitutes excusable neglect. *Pincay v. Andrews*, 389 F.3d 853, 855 (2004). "Excusable neglect" is an elastic concept, equitable in nature. *Id.*

Here, the Court finds that the four-part test for excusable neglect weighs in favor of granting Annu El an extension of time. Annu El filed his response brief only four days late. The Court will fully consider Defendants' motion to dismiss, meaning they are not unduly prejudiced by the late filing. Nor will the judicial process be unduly burdened. Annu El attributes the four-day delay to his "ailments." There is

no sign of bad faith. The Court deems it fair and just to fully consider Annu El's responsive arguments when deciding Defendants' motion to dismiss.

As such, the Court GRANTS Annu El's motion for excusable neglect *nunc pro tunc* and extends the deadline for his responsive brief such that his already filed response, at Dkt. No. 27, is timely.

It is so ORDERED.

Dated this 17th day of December, 2024.

Jamal N. Whitehead
United States District Judge